IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael F. Zink, DVM, ) | |
| ) | C.A. No. 6:10-2876-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Provident Life and Accident Insurance ) | |
| Company and New York Life Insurance ) | |
| Company, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Michael F. Zink, DVM ("Zink") moves the court pursuant to Federal Rule of Civil Procedure 60(b)(6) to reconsider its April 12, 2012 order ("April Order") granting Defendants' motion for summary judgment. For the reasons that follow, Zink's motion is granted in part and denied in part.

## I. Factual and Procedural Background

The facts are fully presented in the court's April Order and summarized below. Zink, a licensed veterinarian, was provided disability coverage through two private insurance policies with New York Life Insurance Company ("New York Life") and one private insurance policy with Provident Life and Accident Insurance Company ("Provident"). (Pl. Mem. Opp'n Summ. J. Ex. A (Zink Aff. ¶ 5).) He sold his veterinary practice on June 30, 2006, and filed a claim for disability benefits the next week, alleging that he was disabled due to back pain caused by degenerative disk disease. (Def. Mem. Supp. Summ. J. 4 & Ex. D (Application for Benefits ¶¶ 3, 5).) Defendants initially approved Zink's claim and paid total disability benefits beginning

September 29, 2006.  (Id. Ex. H (Benefits Letter at 2).)  Two years later, however, Zink's disability benefits were revoked following Defendants' discovery that Zink had been placed on active duty as a major in the Veterinary Corps of the United States Army Reserves and had been deployed to Iraq.  (Id. Ex. I (Revocation Letter, generally).)  Zink subsequently commenced this civil action contending Defendants breached the terms of the insurance policies and acted in bad faith by revoking his disability benefits.

Defendants moved for summary judgment, arguing that Zink was unable to demonstrate that he was totally disabled.  Each of the policies provided that an insured is totally disabled when he is unable to perform the material and substantial duties of his regular occupation.  The policies also included coverage for residual disability, which was defined as being unable to perform one or more of the material and substantial duties of the insured's regular occupation.  Defendants contended that an insured is totally disabled under the policies only if he is unable to perform each of the material and substantial duties of his regular occupation.  (Id. at 13-22.)  Because Zink admitted during his deposition that he could, without limitation, perform some of the material and substantial duties of a practicing veterinarian, Defendants maintained that Zink was unable to demonstrate that he was totally disabled.  (Id.)  Zink argued that the definition of total disability is ambiguous, and when that ambiguity is construed against Defendants, he can still be totally disabled despite being able to perform one or more of the material and substantial duties of his regular occupation. (Pl. Mem. Opp'n Summ. J. 6-11.)

The court rejected Zink's contention that the policy language was ambiguous, explaining that when the definitions of total disability and residual disability are construed in conjunction, it is evident that "a person who can perform some but not all of his or her material and substantial

duties has a 'Residual Disability' within the meaning of the policies, and that therefore in order to be eligible for total disability payments, a person would be required to show that he or she was unable to perform any of those material and substantial duties." (April Order 8 (internal alterations omitted).) Because Zink admitted that he can perform some of the material and substantial duties of a practicing veterinarian, the court concluded that he was unable to demonstrate that he was totally disabled. Zink contends that he is entitled to relief under Federal Rule of Civil Procedure 60(b), arguing that the court erred in granting summary judgment in favor of Defendants.

## II. Discussion of the Law

Zink filed the instant Rule 60(b) motion five days after the court issued its order granting Defendants summary judgment. The Fourth Circuit has previously stated:

> While not condoning the misstyling of motions, we nonetheless agree that if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.

Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Although the rationale underlying this rule has been called into question, MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 278 (4th Cir. 2008), CODESCO's holding has never been overruled, and it therefore remains binding precedent. Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.11 (4th Cir. 2010). Based on the foregoing, the court reviews his motion to reconsider under the strictures of Rule 59(e).

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds: "(1) to accommodate an intervening change in

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Zink raises three arguments in support of his motion to reconsider. Each is addressed below.

### A. Provident Policy

Zink's first argument pertains only to the Provident policy. The Provident policy defines total disability as follows:

> Total Disability or Totally Disabled means that because of your Injuries or Sickness:
>
> 1. You are unable to perform the material and substantial duties of Your Occupation; and
>
> 2. You are not engaged in any other occupation; and
>
> 3. You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to you.
>
> After the end of the Your Occupation Period, then Total Disability also means:
>
> 4. You are unable to perform the material and substantial duties of Any Occupation.

(Def. Mem. Supp. Summ. J. Ex. A (Provident Policy at 7).) Residual disability is defined under

the Provident policy as:

> Residual Disability or Residually Disabled means that You are not totally disabled, but due to injury or sickness:
>
> 1. You are unable to perform one or more of the material and substantial duties of Your Occupation; or You are unable to perform them for as long as normally required to perform them;
>
> 2. You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to you.
>
> After the end of the Elimination Period, Residual Disability or Residually Disabled also means:
>
> 3. You incur a Loss of Earnings while You are engaged in Your Occupation or Any Occupation

(Id. Ex. A (Provident Policy at 7).) Zink maintains that, unlike the New York Life policies, the residual disability provision found in the Provident policy applies only when the insured is engaged in some occupation, whereas to be totally disabled, an insured must not be working at all. (Pl. Mem. Supp. Mot. Recons. 2-4.) Because Zink is not working in his or any other occupation, he argues that the residual disability provision is irrelevant and that the court erroneously relied upon it to conclude that an insured is totally disabled only if he is unable to perform all of the material and substantial duties of his regular occupation. (Id. at 3-4.)

Zink's argument is unavailing. As the court explained in its April Order, it is well-settled under South Carolina law "that, in construing an insurance contract, all of its provisions must be considered together." S.C. Farm Bureau Mut. Ins. Co. v. Kennedy, 700 S.E.2d 258, 261 (S.C. Ct. App. 2010). The residual disability term, therefore, necessarily remains relevant to the interpretation of the total disability provision in the Provident policy. In Dye v. Provident Life

& Accident Insurance Co., a case involving the same defendant and substantively indistinguishable policy language, the court applied this same rule of contract interpretation and concluded:

> A comparison of the two definitions suggests that the phrase "you are not able to perform the substantial and material duties of your occupation" as used in the "total disability" definition cannot reasonably be read as "you are not able to perform one or more of the material and substantial duties of your occupation," because if such a reading was intended, the language "one or more" would have been used, as it is in the "residual disability" definition.

19 F. Supp. 2d 1147, 1150 (S.D. Cal. 1998). Based on the foregoing, Zink's first argument with respect to the Provident policy is without merit.

### B. Genuine Issue of Material Fact

Zink next argues that the court erroneously granted summary judgment in favor of Defendants because genuine issues of material fact exist regarding whether he is capable of performing the material and substantial duties of a practicing veterinarian. (Pl. Mem. Supp. Mot. Recons. 5-6.) As the court found in the April Order, Zink's own deposition testimony as well as documentation he provided to Defendants demonstrate that he is capable of performing some of the material and substantial duties of a practicing veterinarian. Zink admitted that "despite his back pain, he is capable, without limitation, of performing vaccinations, drawing blood, prescribing medications, deworming, and heartworming," noting that these duties comprised forty-five percent of his practice's income from January 1, 2005 to June 30, 2006. (April Order 9-10.)

Zink argues that there is a disputed issue of fact as to whether he can perform his job, maintaining that "although Plaintiff clearly admitted he could perform some of the duties of his

job on a limited basis, he cannot sustain that activity beyond very limited circumstances." (Pl. Mem. Supp. Mot. Recons. 5.) In support of this contention, he cites to his deposition testimony concerning his ability to examine a dog: "I could do one. I could do an exam on a dog right now. I can't sit there and do one after the other, after the other. Because I would see 50 people a day at times. No, I can't do that. But, yes, you bring a dog in here, yes, I can give him an exam." (Id. Ex. C (Zink Dep. at 58).) This duty, however, was one of the tasks that the court explicitly recognized that Zink could perform only with some limitation on duration and frequency. (April Order 10.) Zink's deposition testimony and documentation he submitted to Defendants in support of his claim for benefits plainly evidence that he remains capable of performing without limitation some of the material and substantial duties of a practicing veterinarian. Based on the foregoing, he is unable to demonstrate that Defendants breached the terms of the policies or acted in bad faith in revoking his total disability benefits.

### C. Residual Disability Benefits

Zink further argues that even if he is not entitled to total disability benefits, there is a genuine issue of material fact regarding whether he is entitled to residual disability benefits under the New York Life policies. He maintains that under those policies, an insured need not be engaged in any occupation to be eligible for residual disability benefits and therefore a jury could reasonably conclude that he is entitled to residual disability benefits. (Pl. Mem. Supp. Mot. Recons. 4-5.) On this record, the court agrees. Zink alleged in his complaint that he was entitled to benefits under the New York Life policies because he is disabled. (Compl. ¶¶ X, XI.) An insured is disabled under the New York Life policies if he can demonstrate a total disability or residual disability. Defendants, however, contended they were entitled to summary judgment

7

on the singular basis that Zink was unable to show total disability. (Def. Mem. Supp. Summ. J., generally.) Because New York Life never moved for summary judgment on the issue of residual disability, the court is unable to conclude that New York Life is entitled to a judgment as a matter of law. Expressing no opinion as to the merits of this issue, the court affords New York Life ten (10) days from the date of this order to file, if it so chooses, a dispositive motion addressing Zink's claim to residual disability benefits under the New York Life policies. A response, if any, shall be due seven (7) days from service of Defendant's motion.

Based on the foregoing, Zink's motion to reconsider is granted with respect to New York Life and denied with respect to Provident.

It is therefore

**ORDERED** that Zink's motion to reconsider, docket number 55, is granted in part and denied in part as outlined above.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 21, 2012